**AFFIRMED; and Opinion Filed May 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00227-CR

**RONALD KENDRIC MCCOY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-86138-2012**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Evans

Ronald Kendric McCoy appeals his conviction for misdemeanor assault. In his sole issue, appellant complains of the trial court's failure to charge the jury on the law as it pertains to the duty to retreat regarding self-defense. We affirm the trial court's judgment.

The incident on which appellant's conviction was based occurred during a Memorial Day pool party at the home of his girlfriend's employer, Troy O'Neil. Richard Kevin Barrett and his girlfriend Nicole Jewkes also attended the party. Barrett testified he had met appellant previously and admitted he did not like appellant. In a statement Barrett gave to the police, he described appellant as "rude and standoffish." Barrett and appellant did not interact much at the pool party. As the party wound down, Barrett was having conversation with a few other guests about throwing a party for O'Neil at Barrett's house. Barrett mentioned watching the Ranger's game during the party for O'Neill. Appellant interjected a disparaging comment about the

Rangers, using profanity. Appellant's comment upset Barrett who then went outside for a few minutes to cool down. Upon re-entering the house and preparing to leave, including saying goodbye to those present, Barrett walked over to appellant who was sitting at the dining room table. Barrett extended his arm across the table and shook appellant's hand while sarcastically remarking something to the effect that he hoped he "never saw [appellant] again." According to Barrett, while he and appellant were still shaking hands, appellant lunged over the table and struck Barrett in the face with the closed fist of his left hand, knocking Barrett out and breaking his nose.

Barrett's girlfriend Jewkes provided testimony similar to Barrett's. She stated that Barrett's actions of approaching appellant and shaking his hand were not aggressive. She saw appellant punch Barrett in the nose while they were shaking hands, causing Barrett to fall to the ground. Appellant was then on top of Barrett who was on the floor. Jewkes and O'Neil pulled appellant off Barrett. According to Jewkes, as she and Barrett were leaving, appellant followed them out screaming at them "to keep this going, something along the lines of like, lets [sic] finish this, bitch."

Appellant's girlfriend, Megan Mathews, testified that Barrett had a "mad look" when he was shaking appellant's hand and made a strange comment. Appellant punched Barrett and then they were both on the ground. She thought Barrett's actions and demeanor were threatening and appellant appeared to be defending himself. O'Neil also testified about the incident. O'Neil characterized Barrett's handshake with appellant as "aggressive, not a friendly gesture," and agreed his comment was clearly sarcastic. O'Neil didn't think Barrett was still holding appellant's hand when appellant "took a swing at [Barrett]." O'Neil described Barrett's behavior toward appellant as aggressive, cocky, and physically intimidating. He indicated that after

Jewkes had Barrett in the car, Barrett tried to get out and come back in. O'Neil did not view appellant's actions as an assault but felt appellant was defending himself.

Police detective Scott Epperson testified that he was assigned to investigate the case. He obtained statements from Barrett and Jewkes, who thought appellant assaulted Barrett. Their statements conflicted with the statements from Mathews and appellant, who indicated appellant acted in self-defense. Officer Epperson testified O'Neil, who had a relationship with all the parties, indicated appellant was really the aggressor and O'Neil had to intervene physically to push him away. Appellant did not testify at trial.

At the charge conference, appellant's counsel requested the trial court to add a "no duty to retreat" instruction to the general self-defense instruction that was already in the charge. The trial court denied the request. The jury found appellant guilty of assault causing bodily injury and sentenced him to forty-five days' confinement. This appeal followed.

On appeal, appellant contends his conviction should be reversed because he suffered some harm as a result of the trial court's incomplete self-defense instruction which omitted the no duty to retreat instruction. Among other things, the State argues that because appellant was not entitled to a self-defense instruction at all, the trial court did not err in submitting an incomplete self-defense instruction. We agree with the State.

When reviewing a jury-charge complaint, we must first determine whether error exists in the charge. *See Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error did not occur, our analysis ends. *Id*. Appellant's complaint fails the first step of our analysis. A trial court must give requested instructions on every defensive issue raised by the evidence without regard to its source or strength, even when the evidence is not credible or contradicted. *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013) (citing *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007)). But before the trial court is required to submit a

self-defense instruction the defendant must present sufficient evidence to support each element of the defense. *See* TEX. PENAL CODE ANN. § 2.03(c) (West 2011). Pursuant to section 9.31 of the Texas Penal Code, a person is justified in using force against another, "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." *Id*. at § 9.31(a) (West 2011). A "reasonable belief" is one that would be held by an ordinary and prudent person in the same circumstances as the actor. *Id*. at § 1.07(a)(42) (West Supp. 2014).

Here, there is no evidence in the record that appellant possessed a reasonable belief that force was necessary to protect himself against Barrett's use or attempted use of unlawful force. *See id*. § 9.31(a). The record merely shows that after Barrett re-entered the house, he walked to where appellant was sitting, shook his hand and made a sarcastic comment, at which point appellant punched him the face. The witnesses characterizations of Barrett's behavior as "not friendly," "threatening," "aggressive," or "physically intimidating," were conclusions that did not constitute any evidence that appellant reasonably believed force was immediately necessary to protect himself from Barrett's use or attempted use of unlawful force. Without more evidence of conduct threatening unlawful force, an aggressive handshake and a sarcastic farewell comment do not provide an objective basis to believe unlawful force is about to be used or attempted. Because there is no evidence that could support a rational inference of all the elements of self-defense, appellant was not entitled to a self-defense instruction. Accordingly, the trial court did not err when it omitted from the charge an instruction on the lack of a duty to retreat as it related to self-defense. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140227F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD KENDRIC MCCOY, Appellant

No. 05-14-00227-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 3, Collin County, Texas

Trial Court Cause No. 003-86138-2012

Opinion delivered by Justice Evans, Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of May, 2015.